UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DUANE A. DUVALL,                    )
                                    )
          Petitioner,               )          Civil No. 0:17-099-HRW
                                    )
v.                                  )
                                    )
THOMAS SMITH, Warden,               )          **MEMORANDUM OPINION**
                                    )              **AND ORDER**
          Respondent.               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Duane Duvall is a federal prisoner confined at the Federal Correctional

Institution in Ashland, Kentucky. Proceeding without a lawyer, Duvall has filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For

the reasons set forth below, the Court will deny Duvall's petition.

In 2000, a jury convicted Duvall of possession with the intent to distribute

more than 50 grams of a mixture containing methamphetamine, and possession with

the intent to distribute more than 50 grams of a mixture containing amphetamine.[1]

The trial court then sentenced Duvall to a total term of 360 months in prison and,

according to Duvall, he was ordered to immediately pay a fine of $75,000. Duvall's

---

[1] Due to the age of Duvall's convictions, this Court cannot electronically access his criminal
judgment through the use of the Public Access to Court Electronic Records (PACER) website.
That said, the procedural history comes from the representations in Duvall's petition, as well as
his direct appeal in *United States v. Duvall*, 272 F.3d 825 (7th Cir. 2001), and his motion to vacate
in *United States v. Duvall*, No. 3:03-cv-108 (S.D. Ind. 2003).

1

convictions were upheld on direct appeal, and his subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied.

Duvall has now filed a § 2241 petition, and he appears to make four claims: (1) the trial court impermissibly delegated to the Bureau of Prisons (BOP) its authority to establish a schedule regarding the repayment of his fine; (2) the BOP forced him to participate in an Inmate Financial Responsibility Plan by informing him of the consequences of refusing to participate; (3) his trial attorney operated under a conflict of interest; and (4) his trial attorney provided ineffective assistance of counsel. [D. E. No. 1 at 3-4; D. E. No. 1-1 at 2-3]. Duvall has also filed a motion for the appointment of counsel. [D. E. No. 2].

As an initial matter, as this Court has already explained, it will apply the $5.00 filing fee that Duvall already paid in case number 0:17-cv-087-HRW to this case. The Court will then deny Duvall's motion to appoint counsel for two reasons. First, despite Duvall's claim to the contrary, he does not have a constitutional right to counsel in this civil case. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Second, this case does not present the kind of exceptional circumstances that would otherwise justify the appointment of counsel. *See id.*

Turning to Duvall's § 2241 petition, his claims that his trial attorney operated under a conflict of interest and provided ineffective assistance of counsel constitute impermissible attacks on his underlying convictions and sentence. While a federal

2

prisoner may challenge the legality of his convictions or sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). The only exceptions to this rule apply when a prisoner is trying to rely on a new rule of statutory construction, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), and *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016), and those exceptions are simply not relevant here. In short, Duvall cannot use his § 2241 petition as a way of challenging his underlying convictions and sentence.

There is also no merit to Duvall's claims that the trial court impermissibly delegated to the BOP its authority to establish a schedule regarding the repayment of his fine or that the BOP forced him to participate in an Inmate Financial Responsibility Plan by informing him of the consequences of refusing to participate. This Court and others within this circuit have repeatedly considered and rejected these arguments. *See, e.g., Brown v. Snyder-Norris*, No. 15-cv-071-HRW, 2016 WL 1703335, *1-*2 (E.D. Ky. 2016) (rejecting the petitioner's argument "that the trial court impermissibly delegated to the BOP its duty to establish a repayment

3

schedule," and adding "[n]or is there any merit to [petitioner's] assertion that the BOP 'coerced' him into signing an IFRP agreement by threatening to withhold certain privileges if he did not"); *Sturgeon v. Terris*, No. 13-cv-12512, 2014 WL 3778206, *2, *4 (E.D. Mich. 2014) (rejecting these same arguments); *Rashaad v. Lappin*, No. 07-cv-408-KKC, 2008 WL 45403, *2-*3 (E.D. Ky. 2008) (the same). Duvall's claims are likewise unavailing for the same reasons set forth in those opinions.

Accordingly, it is **ORDERED** that:

1. The Clerk of the Court is directed to apply the $5.00 filing fee paid by Duvall in *Duvall v. Smith*, No. 0:17-cv-087-HRW at D. E. No. 5, to this case.

2. Duvall's motion to appoint counsel [D. E. No. 2] is **DENIED**.

3. Duvall's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. A corresponding judgment will be entered this date.

This 16th day of October, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge